IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ALFARO, ) | No. C 10-04416 JW (PR) |
| ) Plaintiff, ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| vs. ) ) ) | |
| D. HIGGERSON, et al., ) ) | |
| Defendants. ) _____ ) | |

Plaintiff, an inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order. The Court will conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief
2  may be granted, or seek monetary relief from a defendant who is immune from such
3  relief. Id. at 1915A(b)(1),(2).

4      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person
5  acting under the color of state law committed a violation of a right secured by the
6  Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se
7  pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
8  699 (9th Cir. 1990).

9  B.    Plaintiff's Claim

10      Plaintiff claims that defendants validated him as a prison gang associate "based on
11  unsupported, unuseable and uninvestigated [*sic*] allegations" by which he was placed
12  indeterminately in the SHU. (Compl. at 3.)  Liberally construed, plaintiff states a
13  cognizable claim for the deprivation of his right to due process under Toussaint v.
14  McCarthy, 801 F.2d 1080 (9th Cir. 1986).  See Bruce v. Ylst, 351 F.3d 1283, 1287-88
15  (9th Cir. 2003).

16      With respect to defendants James E. Tilton and G. Lewis, a supervisor may be
17  liable under section 1983 upon a showing of (1) personal involvement in the
18  constitutional deprivation or (2) a sufficient causal connection between the supervisor's
19  wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942
20  F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore
21  generally "is only liable for constitutional violations of his subordinates if the supervisor
22  participated in or directed the violations, or knew of the violations and failed to act to
23  prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has failed to
24  show that defendants Tilton and Lewis are liable as supervisors because they either
25  participated in the other defendants' unlawful actions or that they knew but failed to act to
26  prevent the violation.  Accordingly, the claims against defendants Tilton and Lewis are
27  DISMISSED.
28  ///

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy of this order upon **defendants D. Higgerson, A. Barneburg, D. T. Hawkes, McKinney, Marquez, Everett W. Fisher, Daniel L. Smith and D. Spear** at **Pelican Bay State Prison**, (P.O. Box 7000, Crescent City, CA 95531-7000).

The claims against defendants James E. Tilton and G. Lewis are DISMISSED. The Clerk shall terminate these defendants from this action.

2.      No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a.      If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

a.      In the event the defendants file an unenumerated motion to dismiss

under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b.   In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.JW\CR.10\Alfaro04416_svc.wpd                    4

1  evidence showing triable issues of material fact on every essential element of his claim).
2  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary
3  judgment may be deemed to be a consent by plaintiff to the granting of the motion, and
4  granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52,
5  53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6      4.    Defendants shall file a reply brief no later than **fifteen (15) days** after
7  plaintiff's opposition is filed.

8      5.    The motion shall be deemed submitted as of the date the reply brief is due.
9  No hearing will be held on the motion unless the Court so orders at a later date.

10     6.    All communications by the plaintiff with the Court must be served on
11 defendants, or defendants' counsel once counsel has been designated, by mailing a true
12 copy of the document to defendants or defendants' counsel.

13     7.    Discovery may be taken in accordance with the Federal Rules of Civil
14 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or
15 Local Rule 16-1 is required before the parties may conduct discovery.

16     8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
17 court informed of any change of address and must comply with the court's orders in a
18 timely fashion.  Failure to do so may result in the dismissal of this action for failure to
19 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20     9.    Extensions of time must be filed no later than the deadline sought to be
21 extended and must be accompanied by a showing of good cause.

22
23 DATED:   February 7, 2011
24                                         JAMES WARE
                                        United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CESAR ALFARO,

          Plaintiff,

  v.

D. HIGGERSON, et al.,

          Defendants.

Case Number: CV10-04416 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/7/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cesar Alfaro E-68257
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA

Dated: 2/7/2011

          Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk