1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CESAR ALFARO, | ) | No. C 10-04416 EJD (PR) |
| Plaintiff, | ) | |
| | ) | ORDER DIRECTING PLAINTIFF TO |
| vs. | ) | PROVIDE COURT WITH MORE INFORMATION FOR UNSERVED |
| | ) | DEFENDANTS |
| D. HIGGERSON, et al., | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate at the Pelican Bay State Prison ("PBSP") in Crescent City, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement.  The Court ordered service of Plaintiff's complaint upon the named defendants.  (See Docket No. 4.)  The following defendants have not been served.

**DISCUSSION**

**A.**  **Insufficient Location Information**

The summonses for Defendants D. Spear, Everett W. Fisher, and D. T. Hawkes were returned unexecuted on March 24, 2011, with the following remark: "The subject is not at the facility. The facility will not accept service."  (Docket Nos. 14, 15 & 16.)  The

summons for Defendant Daniel L. Smith was returned unexecuted on April 29, 2011, with the following remark: " Subject is no longer at the facility.  The facility will not accept service."  (Docket No. 223.)  Accordingly, Spear, Fisher, Hawkes and Smith have not been served.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice.  See Fed. R. Civ. P. 4(m).  Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendants Spear, Fisher, Hawkes and Smith, and consequently Plaintiff must remedy the situation or face dismissal of his claims against these defendants without prejudice.  See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994)(holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).  Accordingly, Plaintiff must provide the Court with these Defendants' accurate current location such that the Marshal is able to effect service.

**B.    More Information Needed**

On March 14, 2011, the summonses for Defendants McKinney and Marquez were returned with the following remark: "More information is needed (first name or badge number)."  (Docket Nos. 13 & 17.)  Accordingly, McKinney and Marquez have not been served.

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendants McKinney and Marquez, and consequently Plaintiff must remedy the situation or face dismissal of his claims against these defendants without prejudice.  See Walker v, 14 F.3d at 1421-22.  Accordingly, Plaintiff must provide the Court with

Defendant McKinney and Marquez's full name and badge numbers, if known, such that the Marshal is able to effect service.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.      Plaintiff must file notice and provide the Court with the accurate current location of Defendants Spear, Fisher, Hawkes and Smith such that the Marshal is able to effect service. **If Plaintiff fails to provide the Court with an accurate current location for these Defendants within thirty (30) days of the date this order is filed, Plaintiff's claims against Spear, Fisher, Hawkes and Smith will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

2.      Plaintiff must provide the Court with Defendant McKinney and Marquez's full name and badge numbers, if known, such that the Marshal is able to effect service. **If Plaintiff fails to provide the Court with this information within thirty (30) days of the date this order is filed, Plaintiff's claims against McKinney and Marquez will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

DATED: _____May 6, 2011_____          _____
                                          EDWARD J. DAVILA
                                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CESAR ALFARO,

               Plaintiff,

  v.

D. HIGGERSON, et al.,

               Defendants.

_____/

Case Number: CV10-04416 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____5/6/2011_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cesar Alfaro E-68257
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA

Dated: _____5/6/2011_____

                       Richard W. Wieking, Clerk
             /s/  By: Elizabeth Garcia, Deputy Clerk